*1418 OPINION.
Marquette:
The only questions herein are whether the petitioner John L. Whitehurst is entitled, in computing his net income, to deduct any amount for the exhaustion of his one-third interest in the patents mentioned in the findings of fact, and whether there should be added to the respective incomes of the petitioners Mary M. White-hurst and Pearl W. Dore the amounts deducted and retained by the trustees in computing the net income of the two trusts, as allowances *1419 lor* the exhaustion of the interest of the trusts in the patents. Since the case of John L. Whitehurst differs from the cases of the other two petitioners, in that he owned outright one-third of the patents, we will discuss and dispose of it first.
We are of the opinion that John L. Whitehurst is clearly entitled to the deductions claimed by him. He was the owner of an undivided interest in the patents in question, and we think he computed the deductions by the proper method and on the proper basis. This Board has consistently held that patents are subject to exhaustion and that under the several revenue acts the owner of a patent may deduct in computing his net income, an annual allowance for the exhaustion thereof. Union Metal Manufacturing Co., 1 B. T. A. 395; R. Hoe & Co., 7 B. T. A. 1277; St. Louis Malleable Casting Co., 9 B. T. A. 110.
We are also of the opinion that the respondent erred in adding to the taxable income of the petitioners Mary M. Whitehurst and Pearl W. Dore, as reported by them, the amounts deducted and retained by the trustees for the exhaustion of the trust interest of the patents in question. It appears that the trustees construed the provision of the will of John T. Whitehurst that the “ net income ” of the trusts should be paid to his widow and daughter, to mean that such net income should be the income after deducting from gross income and retaining in the corpus of the trust a sufficient amount to cover the amortization and exhaustion of the trust interest in the patents, and that the beneficiaries have acquiesced in that construction. The beneficiaries reported in their returns and paid tax on the entire amount distributed to them by the trustees, and we are of the opinion that under the circumstances the amount so received and reported by the beneficiaries are the amounts which were “ distributable ” to them under the last will and testament of John T. Whitehurst. E. L. E. Brenneman, et al., 10 B. T. A. 544.
Reviewed by the Board.

Judgment will be entered wider Rule 50.